UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

JUWAUN MAKIVILLI JACKSON,
Plaintiff,

v. Case No. _____

CHRISTOPHER STRZYZEWSKI,
In his individual capacity, and

CITY OF SHEBOYGAN,

Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Juwaun Makivilli Jackson, by his attorneys, Laster & Associates, LLC, brings this action pursuant to 42 U.S.C. § 1983 for violations of his rights under the Fourth Amendment to the United States Constitution and alleges as follows:

## I. NATURE OF THE ACTION

1. This civil-rights action arises from an unlawful warrantless search of Plaintiff Juwaun Jackson's backpack and the subsequent investigation, detention, and seizure of his cellular telephone.
2. On January 8, 2025, law enforcement searched Jackson and his belongings during an investigation involving another individual. Jackson was not arrested, and officers initially discovered no narcotics evidence attributable to him.

3. After the initial encounter concluded, Defendant Officer Christopher Strzyzewski obtained Jackson's backpack from a third party, transported it to the Sheboygan Police Department, and searched it without a warrant.
4. During that search, Strzyzewski discovered suspected fentanyl and a digital scale.
5. Despite that discovery, Strzyzewski and Lieutenant Walsh determined that insufficient probable cause existed to arrest Jackson because the backpack had remained outside Jackson's possession for several hours.
6. Strzyzewski documented that determination in his January 10, 2025 police report, declared the investigation closed, and identified Probation and Parole as a recipient of the report.
7. Nevertheless, Jackson was subsequently detained pursuant to a Department of Corrections hold arising from the law-enforcement narcotics investigation.
8. DOC's own records confirm that Jackson was held pending a law-enforcement investigation into suspected drug dealing or possession with intent to deliver.
9. On January 13, 2025, while Jackson was detained pursuant to that hold, law enforcement seized his cellular telephone as evidence in the narcotics investigation.
10. Strzyzewski subsequently prepared an application and affidavit for a warrant to search Jackson's cellular telephone on January 17, 2025.
11. Strzyzewski's unlawful search of Jackson's backpack set in motion a series of investigative actions that directly resulted in Jackson's detention and the

seizure of his cellular telephone, despite Strzyzewski and Lieutenant Walsh having expressly determined that the evidence recovered from the backpack was insufficient to establish probable cause for his arrest.

12. The DOC hold was used to facilitate the continued investigation of Jackson and to obtain access to his cellular telephone after officers had expressly determined that the evidence recovered from his backpack was insufficient to establish probable cause for his arrest.

13. The subsequent criminal prosecution was dismissed after the Sheboygan County Circuit Court granted Jackson's motion to suppress the evidence obtained from the warrantless backpack search.

## II. JURISDICTION AND VENUE

14. This action arises under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

15. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

16. Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Sheboygan County, Wisconsin.

## III. PARTIES

17. Plaintiff Juwaun Makivilli Jackson is an adult resident of Wisconsin.

18. Defendant Christopher Strzyzewski was, at all relevant times, a police officer employed by the Sheboygan Police Department.

19. At all relevant times, Strzyzewski acted under color of state law and within the course and scope of his employment as a law-enforcement officer.

20. Defendant City of Sheboygan is a municipal corporation organized under Wisconsin law and was Strzyzewski's employer at all relevant times.

21. Plaintiff names the City of Sheboygan for purposes of indemnification pursuant to Wis. Stat. § 895.46, to the extent applicable, and does not presently assert an independent municipal-liability claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## IV. FACTUAL ALLEGATIONS

### A. The January 8, 2025 Encounter

22. On January 8, 2025, Jackson accompanied Ruben Aguilar to the Sheboygan County Sheriff's Office.

23. Law enforcement determined that Aguilar had an outstanding warrant and placed him under arrest.

24. During a search of Aguilar, officers recovered syringes and suspected narcotics.

25. Aguilar told officers that Jackson possessed drugs.

26. Officers determined that Jackson was on probation and eligible for a search pursuant to Wisconsin's Act 79.

27. Officers searched Jackson but found nothing of evidentiary value.

28. A police canine subsequently alerted on the vehicle in which Jackson and Aguilar had arrived.

29. Officers searched the vehicle and, during the initial encounter, searched Jackson's backpack while it remained inside the vehicle.

30. The initial backpack search did not reveal the fentanyl or digital scale later attributed to Jackson.

31. Jackson was not arrested and was permitted to leave the encounter.

32. Jackson's backpack remained inside the vehicle with third parties and outside law enforcement's possession and control.

**B. Strzyzewski's Second Warrantless Search**

33. At approximately 4:55 p.m., Angela Cortez contacted law enforcement regarding a backpack Jackson had left in her vehicle.

34. Strzyzewski responded and obtained the backpack from Cortez.

35. Cortez identified the backpack as belonging to Jackson.

36. Strzyzewski transported the backpack to the Sheboygan Police Department.

37. Jackson had not consented to a search of the backpack.

38. Cortez's possession of the backpack did not, by itself, establish common authority to consent to a search of its contents.

39. Strzyzewski did not obtain a warrant before searching the backpack.

40. At the police department, Strzyzewski, assisted by Officer Bailey, opened and searched the backpack.

41. During that search, officers discovered suspected fentanyl and a digital scale.

42. At the time of this second search, the initial encounter involving Jackson had concluded, and the backpack had been outside police control for several hours.

43. The backpack was securely within police possession when Strzyzewski searched it, and no exigent circumstances required its immediate opening.

44. The second warrantless search of Jackson's backpack was unlawful and exceeded the scope of the earlier Act 79 search. Jackson did not consent to the second search, no third party possessed valid authority to authorize it, and the search was not conducted pursuant to a legitimate inventory-search exception or any other recognized exception to the Fourth Amendment's warrant requirement.

**C. Strzyzewski Acknowledges Insufficient Probable Cause**

45. After discovering the suspected narcotics, Strzyzewski discussed the evidence with Lieutenant Walsh.

46. Strzyzewski documented that he and Lieutenant Walsh determined there was insufficient probable cause to arrest Jackson for the narcotics found in the backpack.

47. The officers reached that determination because several hours had elapsed between Jackson leaving the backpack in the vehicle and police recovering it.

48. Strzyzewski also documented that Jackson's messages seeking the return of his property did not specifically identify the backpack and that no identifying documents were found inside it.

49. In his January 10, 2025 report, Strzyzewski stated:

"This case is considered closed and requires no further follow-up."

50. Strzyzewski designated Probation and Parole to receive a copy of his investigative report, which documented the suspected narcotics recovered from Jackson's backpack.

51. Accordingly, Strzyzewski documented both the discovery of the suspected narcotics and the determination that the evidence was insufficient to establish probable cause for Jackson's arrest.

**D. DOC Hold and Jackson's Subsequent Detention**

52. Notwithstanding the determination that probable cause was insufficient to arrest Jackson for the backpack narcotics, Jackson was subsequently placed on a Department of Corrections hold.

53. On January 13, 2025, Jackson was taken into custody pursuant to that hold.

54. DOC records establish that Jackson's detention was related to a law-enforcement investigation involving suspected drug dealing or possession with intent to deliver.

55. Specifically, DOC's violation summary identifies the response as a jail hold involving investigation time and states that Jackson was held pending the law-enforcement drug investigation.

56. The investigation identified in DOC's records concerned the suspected narcotics discovered in the backpack that Strzyzewski had obtained and searched.

57. Strzyzewski was the responsible investigating officer for the backpack investigation and personally documented the evidence recovered during the warrantless search.

58. The narcotics investigation initiated by Strzyzewski's unlawful warrantless search of Jackson's backpack directly and substantially contributed to the imposition of the DOC hold and Jackson's subsequent detention.

59. In a subsequent police report, Strzyzewski characterized Jackson's January 13 arrest as occurring in connection with an unrelated DOC matter.

60. That characterization was inconsistent with DOC's documented explanation that Jackson was being held pending a law-enforcement narcotics investigation.

61. Strzyzewski knew that Jackson's DOC hold was directly connected to the narcotics investigation he conducted following the warrantless search of Jackson's backpack. Despite that knowledge, Strzyzewski falsely characterized Jackson's subsequent arrest as arising from an unrelated DOC matter, concealing the connection between his investigation and Jackson's detention.

62. The DOC hold enabled law enforcement to continue its narcotics investigation by securing Jackson's detention after Strzyzewski and Lieutenant Walsh had expressly determined that the evidence recovered from his backpack was insufficient to establish probable cause for his arrest. The hold provided law enforcement with access to Jackson and his cellular telephone, which officers subsequently seized in an effort to obtain additional evidence to support criminal charges against him.

**E. Seizure of Jackson's Cellular Telephone**

63. On January 13, 2025, during Jackson's detention pursuant to the DOC hold, officers located Jackson's cellular telephone in his pants pocket.

64. Law enforcement seized the telephone because officers believed it contained evidence of narcotics possession and distribution.

65. The seizure was therefore undertaken for an investigative purpose, rather than merely for temporary safekeeping.

66. Officers placed the telephone in a Faraday bag and retained it as evidence.

67. At the time of the seizure, officers did not possess a warrant authorizing a search of the telephone.

68. On January 17, 2025, four days after the telephone was seized, Strzyzewski completed a search-warrant application and affidavit concerning the device.

69. Jackson's detention pursuant to the DOC hold enabled law enforcement to continue the narcotics investigation initiated by Strzyzewski's unlawful backpack search. The detention provided officers with access to Jackson and his cellular telephone, which they seized and retained for the purpose of obtaining additional evidence to support criminal charges against him.

70. The seizure and continued retention of Jackson's cellular telephone were undertaken solely to advance the narcotics investigation arising from Strzyzewski's unlawful backpack search, without independent probable cause or any other lawful justification for depriving Jackson of his property.

**F. Criminal Proceedings and Suppression**

71. The investigation ultimately resulted in criminal charges against Jackson in Sheboygan County Circuit Court Case No. 2025CF513.

72. Jackson was charged with possession with intent to deliver fentanyl and possession of drug paraphernalia, both with repeater allegations.

73. Jackson challenged the warrantless search of his backpack and sought suppression of the evidence obtained from that search.

74. Following an evidentiary hearing, the Circuit Court granted Jackson's suppression motion.

75. The Circuit Court suppressed the evidence obtained from the warrantless backpack search.

76. Following that ruling, the criminal prosecution against Jackson was dismissed.

### G. Injuries and Damages

77. As a result of the unlawful backpack search, Jackson suffered an invasion of his constitutionally protected privacy interests.

78. As a result of the challenged detention, Jackson suffered a loss of liberty and associated damages.

79. As a result of the challenged seizure and retention of his cellular telephone, Jackson suffered interference with his possessory interests in that property.

80. Jackson further suffered emotional distress, inconvenience, and other compensable injuries to be established through discovery and at trial.

## COUNT I — FOURTH AMENDMENT UNREASONABLE SEARCH OF BACKPACK
## 42 U.S.C. § 1983 — Against Defendant Strzyzewski

81. Plaintiff realleges and incorporates paragraphs 1 through 80.

82. Jackson possessed a reasonable expectation of privacy in his backpack and its contents.

83. Strzyzewski intentionally searched Jackson's backpack without a warrant.

84. The search occurred after the initial Act 79 encounter had concluded and after the backpack had remained outside police possession and control for several hours.

85. Jackson did not consent to the search, and no third party possessing common authority over the backpack authorized the search.

86. No exigent circumstances justified the immediate warrantless search.

87. The search was not conducted pursuant to a valid exception to the Fourth Amendment's warrant requirement.

88. Strzyzewski's conduct constituted an unreasonable search in violation of Jackson's rights under the Fourth Amendment.

89. Strzyzewski personally conducted and participated in the unconstitutional search.

90. As a direct and proximate result of that conduct, Jackson suffered compensable damages.

**COUNT II — FOURTH AMENDMENT UNREASONABLE SEIZURE AND DETENTION**
**42 U.S.C. § 1983 — Against Defendant Strzyzewski**

91. Plaintiff realleges and incorporates paragraphs 1 through 90.

92. Strzyzewski conducted the warrantless search of Jackson's backpack and recovered the suspected narcotics that became the subject of the subsequent investigation.

93. Strzyzewski and Lieutenant Walsh thereafter determined that insufficient probable cause existed to arrest Jackson for the suspected narcotics.

94. Despite that determination, Jackson was subsequently detained pursuant to a DOC hold connected to the law-enforcement investigation of suspected drug dealing or possession with intent.

95. DOC's own records establish that the hold was imposed in connection with the law-enforcement narcotics investigation rather than an entirely unrelated matter.

96. Strzyzewski's unlawful search of Jackson's backpack, his subsequent narcotics investigation, and the evidence he obtained and documented directly contributed to the DOC hold that resulted in Jackson's detention.

97. The DOC hold enabled law enforcement to continue its criminal investigation of Jackson and obtain access to his cellular telephone after Strzyzewski and Lieutenant Walsh had expressly determined that insufficient probable cause existed to arrest him for the narcotics recovered from his backpack. Law enforcement used Jackson's detention to seize his telephone and pursue additional evidence to support criminal charges against him.

98. Strzyzewski subsequently characterized Jackson's arrest as arising from an unrelated DOC matter, despite the documented connection between the hold and the narcotics investigation.

99. Strzyzewski knew that Jackson's detention was directly connected to the narcotics investigation he conducted following the unlawful search of

Jackson's backpack. Despite that knowledge, Strzyzewski deliberately misrepresented the detention as arising from an unrelated DOC matter, concealing the connection between his investigation and the resulting deprivation of Jackson's liberty.

100. Strzyzewski's unlawful search of Jackson's backpack and his subsequent investigative actions directly and substantially contributed to Jackson's seizure and detention, which occurred without sufficient probable cause or any other independent constitutional justification.

101. The challenged seizure and detention were unreasonable under the Fourth Amendment.

102. As a direct and proximate result of Strzyzewski's conduct, Jackson suffered loss of liberty and other compensable damages.

## COUNT III — FOURTH AMENDMENT UNREASONABLE SEIZURE AND RETENTION OF CELLULAR TELEPHONE
## 42 U.S.C. § 1983 — Against Defendant Strzyzewski

103. Plaintiff realleges and incorporates paragraphs 1 through 102.

104. During Jackson's January 13, 2025 detention, law enforcement seized his cellular telephone.

105. The telephone was seized and retained as potential evidence of narcotics possession and distribution.

106. The seizure and retention were connected to the investigation arising from the warrantless backpack search.

107. At the time of the seizure, officers did not possess a warrant authorizing a search of the telephone.

108. Strzyzewski subsequently prepared an application and affidavit seeking authorization to search the telephone on January 17, 2025.

109. Strzyzewski directly participated in and facilitated the investigatory seizure and continued retention of Jackson's cellular telephone, which was taken and held as evidence to advance the narcotics investigation initiated by his unlawful search of Jackson's backpack.

110. The seizure and continued retention of Jackson's cellular telephone violated his Fourth Amendment rights because officers lacked independent probable cause or any other lawful justification for the seizure and used his detention to obtain and preserve the telephone as evidence in the narcotics investigation arising from Strzyzewski's unlawful backpack search.

111. Strzyzewski's conduct deprived Jackson of his rights under the Fourth Amendment.

112. As a direct and proximate result of that conduct, Jackson suffered interference with his possessory interests and other compensable damages.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Juwaun Makivilli Jackson respectfully requests that this Court enter judgment in his favor and against Defendants as appropriate and:

A. Declare, to the extent appropriate, that Defendant Strzyzewski violated Plaintiff's rights under the Fourth Amendment;

B. Award compensatory damages in an amount determined by the jury;

C. Award nominal damages for any established constitutional violation for which compensatory damages are not proven;

D. Award punitive damages against Defendant Strzyzewski individually upon proof of malicious conduct or reckless or callous indifference to Plaintiff's federally protected rights;

E. Award reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

F. Award pre-judgment and post-judgment interest to the extent permitted by law;

G. Require indemnification by the City of Sheboygan to the extent authorized by Wis. Stat. § 895.46; and

H. Grant such other and further relief as the Court deems just and appropriate.

## VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: October 12, 2026,

Respectfully submitted,

LASTER & ASSOCIATES, LLC

By: /s/ Corey Saffold
Corey Saffold
Attorney for Plaintiff
839 N. Jefferson Street, Suite 310
Milwaukee, Wisconsin 53202
*Counsel for Juwaun Makivilli Jackson*